UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES LA VELL HARRIS, aka Smiley J. Harris,<br><br>            Plaintiff,<br><br>    v.<br><br>LAKE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>            Defendants. | Case No. 15-cv-00850 NJV<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff James La Vell Harris ("Plaintiff") proceeds pro se in this civil rights action filed February 25, 2015.  Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  (Docket No. 12.)  Plaintiff opposes the Motion.  (Doc. 14.)  The court took the matter under submission on the papers. (Doc. 22.)  For the reasons stated below, the court will grant the Motion to Dismiss.

## BACKGROUND

On June 4, 2014, Plaintiff was processed into the Hill Road Correctional Facility ("HRCF") under the name James La Vell Harris. (Compl., para. 23.) On June 5, 2014, Plaintiff submitted a grievance as "Harris, J.," complaining about the denial of access to and the use of marijuana for spiritual and medicinal purposes. (Compl., para. 24.) Sergeant Bussard rejected the grievance, informing Plaintiff that he was required to submit grievances with his "*first and last name*." (Compl., para. 24.) (Emphasis in original.)  Sergeant Bussard specifically explained that "*grievances will not be accepted that include first initials or nicknames*." (*Id*.) (Emphasis in original.)

On June 7, 2014, Plaintiff submitted a second grievance as "Harris, S." (Compl., para. 25.)

In this grievance, Plaintiff complained that he was being forced to stand twice a day for the formal daily standing count. (*Id.*) Sergeant Bussard rejected the grievance, again explaining that Plaintiff must submit grievances with his first and last name, and that grievances with "*first initials or nicknames*" would not be accepted. (*Id.*) (Emphasis in original.)

On June 27, 2014, Plaintiff submitted a third grievance, this time with the name "Smiley Harris." (Compl, para. 27.) This grievance complained of denial of access to the courts, in that Plaintiff was being denied a manila envelope necessary to mail a civil complaint to the Court. (*Id.*) Plaintiff's grievance was again denied, and Correctional Officer ("c/o") Wyatt explained to Plaintiff that he must use his actual name, as opposed to any nicknames or aliases. (*Id.*) Also on June 27, 2014, Plaintiff submitted a request slip as "Smiley Harris," requesting that copies be made of Plaintiff's civil complaint and memorandum of law for submission to the courts. (Compl, para. 28.) Plaintiff's request slip was denied, with c/o Wyatt again explaining to Plaintiff that he must use his actual name, as opposed to any nicknames or aliases. (*Id.*)

On June 28, 2014, Plaintiff submitted another grievance as "Smiley Harris," which purported to show that he was allowed to use the name "Smiley Harris." (Compl., para. 30.) This grievance was intended to appeal the denial of Plaintiff's previous grievances. (*Id.*) Lieutenant Findley explained that personnel at the HRCD "*do not accept nicknames, monikers, etc.*" and that court paperwork states that Plaintiff's names is "*James L. Harris*." (*Id.*) (Emphasis in original.)

On June 29, 2014, Plaintiff submitted another request as "Smiley Harris," which was again denied on the ground that Plaintiff did not use his "*proper/legal name.*" (Compl., para. 31.) (Emphasis in original.) On June 29, 2014, at approximately 9:50 p.m., Plaintiff was placed in a holding cell for approximately 2 hours and 10 minutes. (Compl., para. 32.) Plaintiff alleges that he crawled from the C pod housing unit to the holding cell and then back, but does not allege that anyone forced him to do so. (*Id.*)

//

**LEGAL STANDARD**

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

**DISCUSSION**

Plaintiff sets forth fourteen causes of action in his Complaint, all of which are entitled "Discrimination." Defendants' Motion to Dismiss addresses Plaintiff's legal theories, most of which are contained within multiple causes of action.

Retaliation

In each of Plaintiff's causes of action he claims that Defendants engaged in the alleged conduct in retaliation for Plaintiff's "previous civil actions." Defendants move to dismiss these claims for retaliation for failure to state a claim on which relief can be granted on several grounds.

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or for filing administrative grievances. *Vandervall v. Feltner*, 2010 U.S. Dist. LEXIS 72059, *24 (E.D. Cal. 2010) (citing *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005)). In a prison setting, a First Amendment claim includes the following five basic elements: "(1) an allegation that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate penological purpose."

Plaintiff argues that he states a claim for retaliation under Title VII of the Civil Rights Act of 1964. This statute, however, is inapplicable to Plaintiff's claim, as the statute applies to retaliation in the employment context. *See Passatino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2000), *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). Plaintiff's claims arise out of his activities while incarcerated in the Lake County Jail, and include no allegation that he was an employee of the institution.

In his Complaint, Plaintiff does not allege that any Defendant knew about his prior lawsuits. Further, as Defendants argue, Plaintiff does not allege the absence of a legitimate correctional goal in requiring him to use his full legal name in filing grievances. *See Jenkins v. Cortez*, 2010 U.S. Dist. LEXIS 52370, *21 (C.D. Cal. 2010) (granting 12(b)(6) motion to dismiss where nowhere in the complaint "does plaintiff allege that this transfer did not reasonably advance a legitimate correctional goal.") Thus, the facts as pled in the Complaint do not support a claim that Defendants acted in retaliation for Plaintiff's protected activity.

Finally, Plaintiff cannot demonstrate that the Lake County Jail's requirement that he use his proper legal name chilled his exercise of his First Amendment rights. Plaintiff's allegations that he had difficulties in litigating Case No. 14-cv-03076 are not credible. He filed his complaint in that

1  action on July 7, 2014, after the events alleged in the present lawsuit, and the court did not dismiss
2  that complaint with leave to amend until December 1, 2014.  Plaintiff then filed an amended
3  complaint in that action on December 29, 2014, and the case was not dismissed until June 23,
4  2015, *approximately one year after the events alleged in the present lawsuit*.  Clearly, the events
5  of June 2014 alleged in this lawsuit did not meaningfully inhibit Plaintiff's ability to litigate Case
6  No. 14-cv-03076.
7        Based on the foregoing, the court finds that Plaintiff fails to state a claim for retaliation and
8  that any amendment as to this claim would be futile.  Accordingly, these claim will be dismissed
9  with prejudice.

10  42 U.S.C. Section 1981
11        In each of Plaintiff's causes of action he alleges a claim for violation of 42 U.S.C. Section
12  1981.  Section 1981 protects a plaintiff's right to make and enforce contracts free from intentional
13  racial discrimination.  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006).  Defendants
14  move to dismiss these claims.  The causes of action set forth in this lawsuit arise from Plaintiff's
15  period of incarceration in the Lake County Jail, and have no relation to contract.  The court finds
16  therefore that these claims fail as a matter of law.  They will be dismissed with prejudice.

17  42 U.S.C. Section 2000d
18        In each of Plaintiff's causes of action, he alleges a claim for discrimination pursuant to 42
19  U.S.C. Section 2000d.  Section 2000d provides that "[n]o person in the United States shall, on the
20  ground of race, color, or national origin, be excluded from participation in, be denied the benefits
21  of, or be subjected to discrimination under any program or activity receiving Federal financial
22  assistance."  Defendants move to dismiss these claims.
23        Plaintiff does not allege that any Defendants receive Federal financial assistance.  Further,
24  Plaintiff makes no specific factual allegations supporting a claim that Defendants intentionally
25  discriminated against him on the basis of race.  *See e.g. Jianjun Xie v. Oakland Unified School*
26  *Dist.*, 2013 U.S. Dist. LEXIS 29898, *4 (N.D. Cal. 2013) (dismissing Section 2000d claim where
27  plaintiff "provides no factual allegations that support [the] repeated conclusory claims that H.X.'s
28  alleged mistreatment was on account of her race"); *Partida v. Page*, 2012 U.S. Dist. LEXIS

28064, *2 (E.D. Cal. 2012) (Section 2000d applies only to intentional racial discrimination). Plaintiff alleges that he is an African American, but offers only conclusory claims that Defendants discriminated against him based on race. Plaintiff does not, for example, allege that other persons of his racial background were similarly required to use their legal names while persons of other racial backgrounds were not required to do so. Thus, the facts as alleged by Plaintiff are insufficient to state a claim pursuant to Section 2000d. Plaintiff may, however, be able to allege sufficient facts to support these claims. Accordingly, the court will dismiss these claims with leave to amend.

42 U.S.C. Sections 1985 and 1986

In each of Plaintiff's causes of action, Plaintiff alleges a violation of 42 U.S.C. Sections 1985 and 1986. Section 1985(3) prohibits conspiracies to deprive persons of various civil rights. Under Section 1985, a plaintiff must allege that "(1) defendants conspired (2) to deprive a person or class of persons of equal protection or equal privileges and immunities (3) and committed or caused to be committed an act in furtherance of the conspiracy and (4) that the person was injured or deprived of his civil rights." *Henderson v. Gomez*, 1993 U.S. Dist. LEXIS 10454, *17 (N.D. Cal. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1970)). To establish a conspiracy, "a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Johnson v. Zavala*, 2009 U.S. Dist. LEXIS 111472, *809 (N.D. Cal. 2008) (citing *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)).

Section 1986 provides a cause of action for damages where a valid claim for relief has been stated under Section 1985. *Brew v. City of Emeryville*, 138 F.Supp.2d 1217, 1226 (N.D. Cal. 2001) (dismissing Section 1985 and Section 1986 claims where Plaintiff has failed to state any facts indicating that a conspiracy existed).

Defendants move to dismiss Plaintiff's claims under Section 1985 and 1986. The court finds that Plaintiff does not allege facts sufficient to support a conspiracy to violate his right to equal protection or equal privileges and immunities, nor does he allege any facts showing a deprivation of any other civil right. Plaintiff also does not allege any facts showing that he was injured by Defendants' alleged acts. Because Plaintiff has not alleged facts showing that he was

deprived of a civil right, he cannot show the existence of a conspiracy to do so. Because Plaintiff has failed to state a claim under Section 1985, he cannot state a claim under Section 1986. Plaintiff may, however, be able to allege sufficient facts to support these claims. Accordingly, the court will dismiss these claims with leave to amend.

<u>42 U.S.C. Section 1983</u>

Section 1983 provides for a civil action for damages against a person who causes a plaintiff to be deprived of any "rights, privileges, or immunities secured by the Constitution and laws." Plaintiff's fifth and sixth causes of action allege racial discrimination by Defendant Findley based on refusal to provide him with copies of his civil complaint and on his denying Plaintiff access to the inmate grievance/appeals process. In his seventh through tenth claims Plaintiff alleges racial discrimination by Defendant Bussard in failing to act on his grievances. In his eleventh cause of action, Plaintiff alleges racial discrimination against him by Defendant Polov based on Polov's failure to provide Plaintiff with a "legal" manila envelope. In his twelfth and thirteen causes of action, Plaintiff alleges racial discrimination by Defendant Wyatt in refusing to acknowledge the content of his grievances and requests. In his fourteenth cause of action, Plaintiff alleges racial discrimination by Defendant Huss in placing Plaintiff in a booking area holding cell without issuing Plaintiff an institutional behavioral incident report.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation marks and citation omitted). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Furnace*, 705 F.3d at 1030.

Plaintiff provides no factual allegation demonstrating that any Defendant acted with intention to discriminate based on race or national origin. Rather, Plaintiff alleges that Defendants refused to provide him with copies and to process his grievances specifically because he had not signed the requests or grievances with his full name. Plaintiff alleges that Defendant Polov denied

7

his request for a manila envelope because "the facility no longer issued them." (Compl. Para. 26.) Plaintiff's complaint therefore admits that Defendants Wyatt, Findley, Bussard and Polov acted for reasons other than race. As to Defendant Huss, Plaintiff alleges no facts showing that he placed Plaintiff in the holding cell with the intent to discriminate. Rather, as with the other causes of action, Plaintiff simply alleges that Defendant Huss took certain actions, then assumes that the actions were taken because of Plaintiff's race or national origin. These are legal conclusions, not factual allegations, and are insufficient to support a claim for relief under Section 1983. Plaintiff does not, for example, allege that other persons of his racial background were treated similarly, or that persons of other racial backgrounds were not. To the extent that Plaintiff intended to assert an Equal Protection claim, this claim fails because Plaintiff does not allege that he was treated differently from any other members of a protected class. *See Harris v. Clearlake Police Dep't*, 2012 U.S. Dist. LEXIS 103987, *27 (N.D. Cal. 2012) (granting 12(b)(6) motion where Plaintiff failed to "explain how he was treated differently from any other members of a protected class").

In opposing Defendants' motion, Plaintiff does not address Defendants' argument that his allegations reveal a lack of discriminatory intent. Plaintiff profers no facts to show that he can cure the defect in his claims of discrimination based on race or national origin. The court will however, grant Plaintiff an opportunity to amend to allege such facts.

In his Opposition, Plaintiff argues that Defendants violated his Constitutional rights by depriving him of access to the inmate grievance system. It is well-established that prisoners have a First Amendment right to file prison grievances. *See Rhodes v. Robinson*, 408 F.3d at 566. When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner v, Safley*, 482 U.S. 78, 89 (1987). *Turner* sets forth four factors to be balanced in determining whether a prison regulation is reasonably related to legitimate penological interests:

(1) Whether there is a "'valid, rational connection' between the prison regulation and the legitimate government interest put forward to justify it;"
(2) Whether there are "alternative means of exercising the right that remain open to prison inmates;"
(3) Whether "accommodation of the asserted constitutional right" will impact "guards and

8

>  other inmates, and the allocation of prison resources generally;" and
> (4) Whether there is an "absence of ready alternatives" versus the "existence of obvious, easy alternatives."

*Turner*, 482 U.S. at 89-90.

Plaintiff alleges that he was deprived of access to the inmate grievance system because prison officials required him to use his first and last name while filing grievances. The court finds that there is a valid, rational connection between requiring inmates to use their complete names when submitting grievances and the institution's need to keep accurate records of inmates' submissions and to expeditiously process those submissions. Obviously, inmates' right to access to the grievance system can easily be exercised by the simple use of their first and last names when submitting grievances. The court therefore concludes as a matter of law that the requirement that inmates use their first and last names when filing grievances advances the legitimate penological interest of accurately and speedily administering the prison grievance system. The court finds, therefore, that Plaintiff cannot state a First Amendment claim based on deprivation of access to the inmate grievance system. Plaintiff will not be granted leave to amend to add this claim as put forward for the first time in his Opposition.

Arbitrary Discipline

In his fourteenth cause of action, Plaintiff alleges, *inter alia*, that the conduct of Defendant Huss in placing him in a booking area holding cell for approximately two hours without issuing him an institutional behavioral incident report subjected Plaintiff to arbitrary discipline. Plaintiff does not explain in either his Complaint or his opposition to Defendants' motion whether he was a pretrial detainee or a convicted prisoner during the relevant time period.

The substantive due process rights of pretrial detainees are violated by the imposition of restrictions which amount to punishment. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002). "Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a

9

legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 438-39 (1979); *see Martucci v. Johnson*, 944 F.2d 291, 294-95 (6th Cir. 1991) (prisoner placed in segregation for administrative reasons related to prison security did not have substantive due process right to be free of segregation).

Plaintiff's claim of arbitrary discipline fails to allege a violation of substantive due process under the Fourteenth Amendment because Plaintiff fails to allege either an express intent to punish or the lack of a legitimate government objective. Rather, the complaint is utterly silent as to the reason for Plaintiff's placement in the holding cell.

When a plaintiff is a convicted prisoner, the Eighth Amendment prohibits cruel and unusual punishment. *Gomez v. City of Fremont*, 730 F.Supp.2d 1056, 1068 (N.D. Cal. 2010). Thus, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25, 31 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan,* 511 U.S. at 834, citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and (2) the prison official possesses a sufficiently culpable state of mind, *id.,* citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733.

The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See Wilson,* 501 U.S. at 302-03 (general conditions of confinement).

A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard <u>to Bivens</u> Eighth Amendment claim).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Hudson,* 503 U.S. at 9-10 (8th Amendment excludes from constitutional recognition de minimis uses of force); *Anderson*, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989<u>); DeMallory v. Cullen</u>, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate 8th Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

In the present case, Plaintiff has alleged that he was placed in a booking area holding cell for 2 hours and 10 minutes. (Compl., para. 74.) The court finds as a matter of law that under the cases cited above, these alleged facts are insufficient to support an Eighth Amendment claim. Further, while Plaintiff alleges that he crawled on his hands and knees to the holding cell, he does not allege that any Defendant forced him to do so. Thus, these alleged facts are also insufficient to state an Eighth Amendment Claim.

In his opposition to Defendants' motion to dismiss, Plaintiff adds an additional Equal Protection claim, but makes no allegation supporting the necessary showing that Defendants acted with an intent or purpose to discriminate against him based on membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d at 1030. He also cites the Fifth Amendment, but provides no explanation how the rights guaranteed therein have any application to his claim of arbitrary discipline. These claims will be dismissed with leave to amend.

Denial of Access to Marijuana

In his opposition to Defendants' motion, Plaintiff states that he wishes to voluntarily strike all claims relating to marijuana for either medicinal or spiritual purposes. Accordingly, these claims will be dismissed with prejudice.

Doe Defendant

Plaintiff's first four causes of action allege that DOE I failed to properly train his officers as to the correct and proper application of law and procedures, which resulted in Plaintiff being denied access to the grievance process because of his race or national origin or as retaliation. Defendants move to dismiss this unidentified Defendant. Plaintiff seeks leave to amend to include Frank Rivero, Sheriff of Lake County at the relevant time, as a named Defendant.

As discussed above, Plaintiff's claim of retaliation fails as a matter of law. As also discussed above, Plaintiff's claim of denial of access to the grievance process based on racial discrimination will be dismissed with leave to amend. Accordingly, leave will be granted to

Plaintiff to add Frank Rivero as a named Defendant in his Amended Complaint, should he choose to file one and should he find a basis for re-alleging the claims of racial discrimination now dismissed.

Based on the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

1) Defendants' request for judicial notice (Doc. 12-2) is GRANTED;

2) Plaintiff's request for injunctive relief is DISMISSED as moot;

3) Defendants' request to strike Plaintiff's reference to Harris Enterprises, LLC is DENIED. This action is prosecuted by the named Plaintiff;

4) Defendants' request to dismiss the Lake County Sheriff's Department and the Hill Road Correctional Facility as improperly named Defendants is GRANTED. Plaintiff shall substitute County of Lake as the properly named entity in any future amended complaint.

5) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims pursuant to 42 U.S.C. Section 1981 and those claims are DISMISSED WITH PREJUDICE;

6) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims for retaliation and those claims are DISMISSED WITH PREJUDICE;

7) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims pursuant to 42 U.S.C. Section 2000d and those claims are DISMISSED WITH LEAVE TO AMEND;

8) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims pursuant to 42 U.S.C. Sections 1985 and 1986 and those claims are DISMISSED WITH LEAVE TO AMEND;

9) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims pursuant to 42 U.S.C. Section 1983 and those claims are DISMISSED WITH LEAVE TO AMEND only as to Plaintiff's claims of discrimination;

10) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims for arbitrary discipline and those claims are DISMISSED WITH PREJUDICE to the extent that they are

based on substantive due process under the Fourteenth Amendment or on the Eighth Amendment. Those claims are DISMISSED WITH LEAVE TO AMEND to the extent they are based on Equal Protection or the Fifth Amendment;

11) Defendants' Motion to Dismiss is GRANTED based on Plaintiff's lack of objection as to Plaintiff's claims of denial of access to marijuana and these claims are DISMISSED WITH PREJUDICE;

12) Plaintiff's request add Frank Rivero as a named Defendant in his Amended Complaint is GRANTED, should he choose to file an AMENDED COMPLAINT and should he find a basis for re-alleging the claims of racial discrimination now dismissed;

13) Defendants' Motion to Dismiss is DENIED as to Plaintiff's state claims, because the court has not dismissed all of Plaintiff's federal claims with prejudice;

14) Plaintiff is GRANTED thirty (30) days from the date of this order within which to file an Amended Complaint. In that Amended Complaint Plaintiff may assert ONLY the claims for relief dismissed with leave to amend along with his state claims not yet addressed, and may assert his federal claims only if he can cure the defects in those claims described above. Plaintiff MAY NOT reassert the claims dismissed with prejudice and MAY NOT add additional new claims.

**T IS SO ORDERED**.

Dated: September 1, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge