1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                           EUREKA DIVISION

7

8    JAMES LA VELL HARRIS,                    Case No.  15-cv-00850-NJV

           Plaintiff,
9                                             **ORDER GRANTING MOTION TO**
      v.                                      **DISMISS AMENDED COMPLAINT**
10
                                              Re: Dkt. No. 34
11   LAKE COUNTY SHERIFF'S
     DEPARTMENT, et al.,
12
           Defendants.
13

14          Plaintiff James La Vell Harris ("Plaintiff") proceeds pro se in this civil rights action filed

15   February 25, 2015.  On September 1, 2015, the court entered an order granting Defendants'

16   Motion to Dismiss.  (Doc.30.)  The court's order concluded with the following language:

17

18          Plaintiff is GRANTED thirty (30) days from the date of this order within which to
       file an Amended Complaint.  In that Amended Complaint Plaintiff may assert ONLY the
19     claims for relief dismissed with leave to amend along with his state claims not yet
       addressed, and may assert his federal claims only if he can cure the defects in those claims
20     described above.  Plaintiff MAY NOT reassert the claims dismissed with prejudice and
       MAY NOT add additional new claims.
21
            Plaintiff filed an Amended Complaint on September 18, 2015.  (Doc. 33.)  The Amended
22
     Complaint sets forth fourteen causes of action, each entitled "Discrimination."  As with
23
     Defendants' first Motion to Dismiss, Defendants address Plaintiff's legal theories, most of which
24
     are included within multiple causes of action.  Plaintiff's underlying factual allegations are set
25
     forth in detail in the court's prior order and will not be repeated here.  (Doc. 30.)
26
     //
27
     //
28

United States District Court
Northern District of California

**DISCUSSION**

<u>Retaliation</u>

In the order of September 1, 2015, the court dismissed Plaintiff's claims of retaliation with prejudice.  (Doc. 30, 13:15-16.)  Accordingly, Defendants' Motion to Dismiss is GRANTED as to the retaliation claims asserted in Plaintiff's First Amended Complaint.

<u>42 U.S.C. Section 1981</u>

In the order of September 1, 2015, the court dismissed Plaintiff's claims pursuant to 42 U.S.C. Section 1981 with prejudice.  (Doc. 30, 13:13-14.)  Accordingly, Defendants' Motion to Dismiss is GRANTED as to the claims pursuant to 42 U.S.C. Section 1981 asserted in Plaintiff's First Amended Complaint.

<u>42 U.S.C. Section 2000d</u>

In the order of September 1, 2015, the court found as follows regarding Plaintiff's claims for discrimination pursuant to 42 U.S.C. Section 200d:

> Plaintiff does not allege that any Defendants receive Federal financial assistance. Further, Plaintiff makes no specific factual allegations supporting a claim that Defendants intentionally discriminated against him on the basis of race.  See e.g. Jianjun Xie v. Oakland Unified School Dist., 2013 U.S. Dist. LEXIS 29898, *4 (N.D. Cal. 2013) (dismissing Section 2000d claim where plaintiff "provides no factual allegations that support [the] repeated conclusory claims that H.X.'s alleged mistreatment was on account of her race"); Partida v. Page, 2012 U.S. Dist. LEXIS 28064, *2 (E.D. Cal. 2012) (Section 2000d applies only to intentional racial discrimination).  Plaintiff alleges that he is an African American, but offers only conclusory claims that Defendants discriminated against him based on race.  Plaintiff does not, for example, allege that other persons of his racial background were similarly required to use their legal names while persons of other racial backgrounds were not required to do so.  Thus, the facts as alleged by Plaintiff are insufficient to state a claim pursuant to Section 2000d.  Plaintiff may, however, be able to allege sufficient facts to support these claims.  Accordingly, the court will dismiss these claims with leave to amend.

(Doc. 30, 5:23-6:8.)  The Amended Complaint does not remedy the defects explained above and simply repeats Plaintiff's conclusory allegations that the alleged discrimination was on account of his race.  Accordingly, Defendants' Motion to Dismiss is GRANTED as to the claims pursuant to 42 U.S.C. Section 2000d asserted in Plaintiff's First Amended Complaint.

//

2

1    42 U.S.C. Sections 1985 and 1986

2         In the order of September 1, 2015, the court found as follows regarding Plaintiff's claims

3    pursuant to Sections 1985 and 1986:

4         Defendants move to dismiss Plaintiff's claims under Section 1985 and 1986.  The
     court finds that Plaintiff does not allege facts sufficient to support a conspiracy to violate
     his right to equal protection or equal privileges and immunities, nor does he allege any
5    facts showing a deprivation of any other civil right.  Plaintiff also does not allege any facts
     showing that he was injured by Defendants' alleged acts.  Because Plaintiff has not alleged
6    facts showing that he was deprived of a civil right, he cannot show the existence of a
     conspiracy to do so.  Because Plaintiff has failed to state a claim under Section 1985, he
7    cannot state a claim under Section 1986. Plaintiff may, however, be able to allege
     sufficient facts to support these claims.  Accordingly, the court will dismiss these claims
8    with leave to amend.

9

10   (Doc. 30, 6:24-7:4.)

11        In the Amended Complaint Plaintiff again fails to allege the elements of a conspiracy

12   pursuant to 42 U.S.C. Section 1985:  "(1) defendants conspired (2) to deprive a person or class of

13   persons of equal protection or equal privileges and immunities (3) and committed or caused to be

14   committed an act in furtherance of the conspiracy and (4) that the person was injured or deprived

15   of his civil rights."  *Henderson v. Gomez*, 1993 U.S. Dist. LEXIS 10454, *17 (N.D. Cal. 1993)

16   (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1970))  Accordingly, Defendants' Motion to

17   Dismiss is GRANTED as to the claims pursuant to 42 U.S.C. Sections 1985 and 1986 asserted in

18   Plaintiff's First Amended Complaint.

19

20   42 U.S.C. Section 1983

21        In the order of September 1, 2015, the court held as follows regarding Plaintiff's claims

22   pursuant to 42 U.S.C. Section 1983:

23

24        "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection
     Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with
25   an intent or purpose to discriminate against the plaintiff based upon membership in a
     protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal
26   quotation marks and citation omitted). To establish a violation of the Equal Protection
     Clause, the prisoner must present evidence of discriminatory intent.  *See Washington v.
27   Davis*, 426 U.S. 229, 239-40 (1976); *Furnace*, 705 F.3d at 1030.
          Plaintiff provides no factual allegation demonstrating that any Defendant acted

28

United States District Court
Northern District of California

with intention to discriminate based on race or national origin.  Rather, Plaintiff alleges that Defendants refused to provide him with copies and to process his grievances specifically because he had not signed the requests or grievances with his full name. Plaintiff alleges that Defendant Polov denied his request for a manila envelope because "the facility no longer issued them." (Compl. Para. 26.)  Plaintiff's complaint therefore admits that Defendants Wyatt, Findley, Bussard and Polov acted for reasons other than race.  As to Defendant Huss, Plaintiff alleges no facts showing that he placed Plaintiff in the holding cell with the intent to discriminate.  Rather, as with the other causes of action, Plaintiff simply alleges that Defendant Huss took certain actions, then assumes that the actions were taken because of Plaintiff's race or national origin.  These are legal conclusions, not factual allegations, and are insufficient to support a claim for relief under Section 1983.  Plaintiff does not, for example, allege that other persons of his racial background were treated similarly, or that persons of other racial backgrounds were not. To the extent that Plaintiff intended to assert an Equal Protection claim, this claim fails because Plaintiff does not allege that he was treated differently from any other members of a protected class. *See Harris v. Clearlake Police Dep't*, 2012 U.S. Dist. LEXIS 103987, *27 (N.D. Cal. 2012) (granting 12(b)(6) motion where Plaintiff failed to "explain how he was treated differently from any other members of a protected class")

In opposing Defendants' motion, Plaintiff does not address Defendants' argument that his allegations reveal a lack of discriminatory intent.  Plaintiff profers no facts to show that he can cure the defect in his claims of discrimination based on race or national origin. The court will however, grant Plaintiff an opportunity to amend to allege such facts.

(Doc. 30, 7:18-8:17.)

The Amended Complaint fails to remedy the defects explained above.  Plaintiff alleges no facts supporting a claim of discrimination based on racial or national origin, and fails to allege the elements of an Equal Protection claim, as previously explained by the court.  Defendants' Motion to Dismiss is GRANTED as to the claims pursuant to 42 U.S.C. Sections 1983 asserted in Plaintiff's First Amended Complaint.

Arbitrary Discipline

In the order of September 1, 2015, the court found in regard to Plaintiff's claim alleging arbitrary discipline that Plaintiff alleged that the conduct of Defendant Huss in placing him in a booking area holding cell for approximately two hours without issuing him an institutional behavioral incident report subjected Plaintiff to arbitrary discipline.  The court analyzed Plaintiff's claim under both the Fourteenth and Eighth Amendments and dismissed the claims with prejudice. (Doc. 30, 13:27 - 14:2.

4

In his Amended Complaint Plaintiff reveals that he was a convicted prisoner at the time of the alleged incidents, and reasserts his claim for arbitrary discipline.  He provides no new legal basis for such claim.  Accordingly, Defendants' Motion to Dismiss is GRANTED as to the claim of arbitrary discipline asserted in Plaintiff's First Amended Complaint.

State Law Claims

In reviewing the state court claims in relation to Defendants' motion, the court determines it is appropriate to decline supplemental jurisdiction and dismiss the state law claims.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (internal quotation marks omitted); *Roy v. Contra Costa Cnty*., et al., No. 15-CV-02672-TEH, 2015 WL 5698743, at *9 (N.D. Cal. Sept. 29, 2015).   "Comity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction.  'The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.' " *Heatherly v. Malika*, No. C-11-04125 DMR, 2013 WL 5754106, at *2 (N.D. Cal. Oct. 23, 2013) (quoting *Acri*, 114 F.3d at 1001.  Accordingly, the court DECLINES e to exercise supplemental jurisdiction over Plaintiff's state law claims.

**CONLCUSION**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Defendants' Motion to Dismiss is GRANTED as to Plaintiff's federal claims and all federal claims are DISMISSED with prejudice.

2) The court declines to exercise supplemental jurisdiction over Plaintiff's state claims and these claims are DISMISSED without prejudice to Plaintiff's right to raise those claims in a separate state action.

The Clerk is directed to close this case.

**IT IS SO ORDERED**.

Dated: November 2, 2015

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

6